UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Gregory LaVallee

    v.                               Civil No. 09-cv-367-JD

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**O R D E R**

Before the Court is Gregory LaVallee's petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254, alleging that his present incarceration violates his rights under the United States constitution. The matter is before me for preliminary review to determine whether or not the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).[1]

---

[1] LaVallee has written to the Court expressing concern that he has not explicitly made a request for relief in this matter. Petitioner has sufficiently requested federal habeas relief to

Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  This review ensures that pro se pleadings are given fair and meaningful consideration.

The court conducting preliminary review must accept as true any inferences reasonably drawn from the plaintiff's factual assertions.  See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005).  The Court is not bound, however, to credit legal conclusions, labels, unsupportable conclusions, and naked assertions.  See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009); Centro Medico, 406 F.3d at 5-6; Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  "The policy behind affording pro se plaintiffs

---

allow this matter to be considered.

liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).

If the Court's construction of the facts, both asserted and implied, constitute well-pleaded factual allegations, a court should accept those allegations as true, and then determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (internal quotations omitted). In making the determination of plausibility, the court will examine whether the allegations, as construed, have "'nudged'" the claims "'across the line from conceivable to plausible.'" Id. at 1951 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Background

Gregory LaVallee was convicted of simple assault, aggravated felonious sexual assault, and second degree assault in the New Hampshire Superior Court at Rockingham County on September 27, 2007. On November 27, 2007, he was sentenced to serve a year in the house of corrections followed by 13 ½ – 27 years in prison on those charges. LaVallee appealed his conviction to the New Hampshire Supreme Court ("NHSC"). That court affirmed his conviction on December 1, 2008.[2]

LaVallee now files this petition, raising five claims for relief. LaVallee concedes that these claims have not yet been presented to the state courts for consideration. The claims are:[3]

1. The trial court improperly refused to determine the competency of the complaining witness in LaVallee's case, where

---

[2] It does not appear that LaVallee seeks to include the claims raised on direct appeal in his petition here. If he did, in fact, intend to include those claims, he must do so by properly moving to amend his petition to include those claims, including the federal nature of the claims, and to demonstrate that those claims have been exhausted.

[3] The claims, as identified herein, will be considered to be the claims raised in LaVallee's petition for all purposes. If LaVallee disagrees with the claims as identified herein, he must do so by properly moving to amend his petition.

the witness had memory impairment and an extremely high blood-alcohol content at the time of the alleged offense, in violation of LaVallee's Fifth and Fourteenth Amendment due process rights and his Sixth Amendment right to confront the evidence against him;

    2.   The trial court improperly denied LaVallee funds to hire an expert witness to explain to the jury the effects of a high blood-alcohol content on an individual's memory and perception, in violation of LaVallee's Fifth and Fourteenth Amendment due process rights, his Sixth Amendment right to confront the evidence against him, and his Fourteenth Amendment right to the equal protection of the law;

    3.   The trial court improperly denied LaVallee's motion to depose the complaining witness in his case, in violation of his Fifth and Fourteenth Amendment right to due process, and his Sixth Amendment right to confront the evidence against him;

    4.   The prosecutor, in his summation, improperly referred to LaVallee's race for no legitimate purpose, and in order to prejudice the jury against him, by referring to him as "That Indian" in violation of his Sixth Amendment right to a fair trial

and his Fourteenth Amendment right to the equal protection of the law; and

5.   LaVallee's trial and appellate counsel failed to properly appeal his conviction on the grounds raised in this petition, in violation of his Fifth and Fourteenth Amendment due process rights and his Sixth Amendment right to the effective assistance of counsel.[4]

## Discussion

To be eligible for habeas relief, LaVallee must show that he is in custody, and, for each claim, that he has either exhausted all of his state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  LaVallee is incarcerated pursuant to a sentence imposed for the conviction challenged here, and thus meets the custody requirement for filing a habeas petition

---

[4]LaVallee's petition implied an intention to raise this claim, but did not explicitly raise the claim.  I will construe the petition, however, as having included this claim.

"A habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted); Picard v. Connor, 404 U.S. 270, 277-78 (1971) (to satisfy exhaustion requirement petitioner must have fairly presented the substance of his federal claim to the state courts). A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

The purpose of a "fair presentation" requirement is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Anderson v. Harless, 459 U.S. 4, 6

7

(1982) (quoting <u>Picard</u>, 404 U.S. at 276-77).  A habeas petitioner may fairly present a claim by doing any of the following: "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" <u>Dutil v. Murphy</u>, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted), <u>cert. denied</u>, ___ U.S. ___, 129 S. Ct. 2064 (2009).  In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law.  <u>See</u> <u>Nadworny v. Fair</u>, 872 F.3d 1093, 1099-1102 (1st Cir. 1989).  The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim.  <u>See</u> <u>id.</u> at 1100.

    LaVallee has conceded that he has not filed any post-conviction motions in either the state Superior Court or the NHSC, and that he has filed only a direct appeal in the NHSC

which did not include any of the issues raised herein.  The petition is, therefore, presently unexhausted.

I will give LaVallee the opportunity to exhaust the claims raised in this petition, including the federal constitutional nature of the claims, in the state courts and to then amend his present petition to demonstrate exhaustion.  In order to ensure that LaVallee does not lose his ability to pursue a federal habeas petition due to the running of the habeas statute's one year statute of limitations which, for Lavallee, expires on December 1, 2009, I will stay the petition to enable LaVallee to return to the state courts and exhaust his claims.  To avoid procedurally defaulting his claims, LaVallee should note that claims that are not raised first in the state Superior Court in accordance with established state procedures and state law, may not be entertained by the NHSC.  See Smith v. Texas, 550 U.S. 297, 313 (2007) ("As a general matter . . . when a state court denies relief because a party failed to comply with a regularly applied and well-established state procedural rule, a federal court will not consider that issue on habeas review.").

Once LaVallee's claims have been fully exhausted in the state courts, he must return to this Court and file a request to

reopen his petition. LaVallee must then file an amended petition demonstrating exhaustion of each of the claims raised therein.

## Conclusion

The petition is stayed.

LaVallee is directed to:

1. LaVallee must file his state court action within thirty days of the date of this Order;

2. While this matter is stayed, LaVallee must notify this Court of the status of his state court proceedings every ninety days;

3. Once the New Hampshire Supreme Court has issued a final decision, LaVallee must so notify this Court within thirty days of that decision, providing this Court, at that time, with complete copies of documents filed in the state courts demonstrating that the claims, including the federal nature of the claims, have been raised and exhausted in the state courts;

4. LaVallee should also provide this Court with complete copies of any orders or opinions issued by the state courts relative to the claims in the petition.

Should LaVallee fail to file a state court action, amend his petition as directed, or otherwise fail to comply with this

Order, the petition may be dismissed for failure to demonstrate exhaustion.  <u>See</u> 28 U.S.C. § 2254(b).

    **SO ORDERED.**

                              _____
                              James R. Muirhead
                              United States Magistrate Judge

Date:      November 16, 2009

cc:        Gregory LaVallee, pro se

JM:jba