```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Gregory LaVallee

   v.                                    Civil No. 09-cv-367-JD

Edward Reilly, Warden, Northern
New Hampshire Correctional Facility


**REPORT AND RECOMMENDATION**

Gregory LaVallee filed a petition for a writ of habeas corpus in this court on October 30, 2009 (doc. no. 1). The petition was dismissed, without prejudice, on April 5, 2010, because of LaVallee's failure to demonstrate that the federal claims therein had been exhausted in the state courts. See Judgment (doc. no. 6); Order (doc. no. 5). LaVallee now moves to reopen the habeas petition (doc. no. 7).

**Background**

LaVallee filed a petition for a writ of habeas corpus (doc. no. 1) in this court on October 30, 2009, raising five claims for relief. On November 16, 2009, the court issued an order finding that LaVallee had failed to present any of his federal claims to the state courts for consideration, and that the claims were thus unexhausted. See Order (Nov. 16, 2009) (doc.

no. 4) ("November 16 Order").  Rather than dismiss the petition at that time, the magistrate judge, noting that the statute of limitations in LaVallee's case would expire on December 1, 2009,[1] stayed the action to grant LaVallee time to return to the state courts to exhaust his state court remedies on his claims for federal habeas relief.  See id.  The November 16 order directed LaVallee to commence state court action by December 16, 2009, and granted LaVallee leave to file an amended petition in this court once his claims were exhausted.  The November 16 order directed LaVallee to "notify this Court of the status of his state court proceedings every ninety days," and warned LaVallee that failure to comply with the November 16 order could result in the dismissal of the petition.

On November 17, 2009, the court sent LaVallee notice that while the case was stayed, it would be administratively closed.  The notice of administrative closing stated: "[t]he parties may move to reopen the case when the reason for the stay no longer applies.  Status reports must be filed in accordance with the [November 16 order]."

On February 18, 2010, having not received a status report from LaVallee, the court issued the following order: "Petitioner

---

[1]LaVallee's deadline for filing a federal petition was actually on or about March 1, 2010, however, no detriment to LaVallee's cause accrues from that error.

to file a status report demonstrating that a state court action to pursue unexhausted claim has been filed or his petition will be dismissed without prejudice as a mixed petition." Endorsed Order (Feb. 18, 2010) ("February 18 order"). On March 15, 2010, the magistrate judge recommended that the petition be dismissed without prejudice. LaVallee filed no response to the recommendation. On April 5, 2010, the district judge issued an order (doc. no. 5) approving the recommendation and entered judgment (doc. no. 6), dismissing the case.

LaVallee filed nothing further in this case for more than two years. On April 30, 2012, LaVallee filed a motion to reopen the case (doc. no. 7), asserting that he had exhausted his federal claims in the state courts. LaVallee also indicated that one issue concerning his sentence remained pending in the state courts. In the motion to reopen (doc. no. 7), LaVallee asks the court to "not[e] the filings by the petitioner in furtherance of this Courts [sic] prior orders," and to grant him leave to file an amended petition demonstrating exhaustion.

## Discussion

As stated above, a judgment of dismissal without prejudice (doc. no. 6) has been entered in this case. LaVallee's motion

to reopen is therefore construed as a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b).  That rule states:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion asserting the first three reasons (e.g., mistake, new evidence, or fraud) must be filed no later than one year after the entry of the judgment.  See Fed. R. Civ. P. 60(c)(1).  A Rule 60(b) motion based on the last three reasons (e.g., void judgment, satisfaction, or "any other reason that justifies relief") has no specific time limit, but must be filed "within a reasonable time."  Id.

In his motion, LaVallee does not offer any reason for his failure to comply with the November 16 and February 18 orders, or for his failure to respond to the March 15, 2010, recommendation that the action be dismissed. To the extent he intends to rely on mistake or excusable neglect, his motion asserting those claims filed more than a year after entry of judgment would be untimely. See id.

Although a Rule 60(b)(6) motion is not similarly subject to a one-year time limitation, such a motion must be based on a showing of "extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "Such circumstances will rarely occur in the habeas context." Id. Here, LaVallee has not presented any explanation for his failure to follow the court's orders directing him to file status reports, his failure to object to the recommendation of dismissal, or his failure to seek reconsideration of the order of dismissal in this case. Final judgment was entered in this case more than two years prior to the filing of the instant motion. Nothing in LaVallee's motion presents either an explanation for his inattention to this court's orders and timelines, or any "extraordinary circumstances" that would justify the relief requested.

The November 16 and February 18 orders were not simply placeholders in the docket.  Rather, the November 16 order directed LaVallee to file his action in state court within thirty days, and to keep the court apprised of the status of the proceedings every ninety days.  The February 18 order reiterated the requirement that he file a status report and warned LaVallee of the consequences of noncompliance.  Both orders were designed to allow the court to monitor the time LaVallee took to exhaust his state court remedies, to carry out the Supreme Court's directive that district courts "place reasonable time limits on a [habeas] petitioner's trip to state court and back."  <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005).

LaVallee failed to comply with the court's orders to file status reports, despite many reminders of his obligation to do so.  At the time the case was dismissed, the court had no reason to know or believe that LaVallee was making any effort to exhaust his claims, that any efforts he may have been making were in keeping with the time limits contained in the November 16 order, or whether LaVallee had decided to abandon the action altogether.  LaVallee's filing of the current motion, more than two years later, without any explanation for his failure to comply with the court's orders, fails to demonstrate

"extraordinary circumstances," and is insufficient to justify relief under Rule 60(b)(6).  See Gonzalez, 545 U.S. at 534.

### Conclusion

For the foregoing reasons, LaVallee's motion to reopen (doc. no. 7) should be denied.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  November 15, 2012

cc:  Gregory LaVallee, pro se

LBM:jba